Filed
4/1/2020 2:22 PM
Esther Degollado
District Clerk
Webb District
Diana Vela
2020CVH000680D1

**CAUSE NO.** _____

| | | |
|---|---|---|
| INFINITY JC ENTERPRISES, INC. | § | IN THE DISTRICT COURT |
| *Plaintiffs* | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| HARTFORD LLOYD'S INSURANCE | § | |
| COMPANY | § | |
| *Defendant* | § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **INFINITY JC ENTERPRISES**, complaining of **HARTFORD LLOYD'S INSURANCE COMPANY,** and for cause of action would show:

### I. DISCOVERY

1. This is a level III discovery case as defined by the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff is a resident of Webb County, Texas.

3. Defendant Hartford Lloyd's Insurance Company is a company engaging in the business of insurance in the State of Texas. The Defendant may be served with process by serving its registered agent for the State of Texas: CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### III. JURISDICTION & VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court. The court has jurisdiction over Defendant Hartford Lloyd's Insurance Company (hereinafter "Hartford ") because it is engaging in the business of insurance in the State of Texas. Venue is proper in this county because the insured Property is situated in Webb County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

## IV. FACTS

5. Plaintiff is the owner of the Hartford Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Hartford.

6. Plaintiff owns the property located at 1119 Santa Maria Avenue, Laredo, Texas 78040 (hereinafter referred to as "the property").

7. Hartford sold the Policy insuring the Property to Plaintiff.

8. On or about May 6, 2019, Plaintiff sustained extensive physical damage to the insured Property. On this date, a strong supercell thunderstorm moved through the Laredo, Texas area producing heavy rains, and damaging wind and hail.

9. Plaintiffs submitted claims to the Defendant against the policy for damages to the Property as a result of the May 6, 2019 storm. Plaintiff requested that the Defendant cover the costs of these repairs pursuant to the policy they entered into with the Defendant.

10. The Plaintiff reported the damage to the covered Property to the Defendant Hartford. The Defendant wrongfully denied Plaintiff's claim for full repairs to the Property, even though the Policy they have with the Defendant provided coverage for losses such as the losses suffered by the Plaintiff. Additionally, the Defendant under-scoped damages during its inspections, investigations, and payment and made representation that the policy the Plaintiff has with Defendant specifically excluded some repairs.

11. As of the date of this filing, the Defendant continues to delay in the payment for the damages to the Property. As a result, Plaintiff has not been paid the full value of the damages suffered to their home.

12. Defendant Hartford failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the policy. In spite of a demand for proceeds to be paid out in an

amount sufficient to cover the damaged Property, Defendant Hartford has categorically refused to pay the full proceeds available under the policy. Additionally, all conditions precedent to recovery upon the Policy have been carried out by the Plaintiff. Defendant Hartford' conduct constitutes a breach of the insurance contract between Plaintiffs and Defendant.

13. Defendant Hartford has misrepresented to Plaintiff there was no damage to areas of the home that were damaged, and that all damage covered under the Policy has been accounted for, even though it has not been paid in full. Defendant Hartford' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

14. Defendant Hartford' failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant Hartford' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

15. Defendant Hartford' failed to adequately explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant Hartford failed to offer Plaintiff adequate compensation, and misrepresented its explanation for why full payment was not being made. Furthermore, Defendant Hartford did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant Hartford' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

16. Defendant Hartford' refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant Hartford failed to conduct a reasonable investigation. Specifically, Defendant Hartford performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

Defendant Hartford' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

17. Defendant Hartford failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Hartford' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex Ins. Code §542.056.

18. Defendant Hartford failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for their claim. Defendant Hartford' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

19. Since the date Plaintiff presented her claim to Defendant Hartford, the liability of Defendant Hartford to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Hartford has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant Hartford' conduct constitutes a breach of the common law duty of good faith and fair dealing.

20. Defendant Hartford knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material information from Plaintiff.

21. As a result of Defendant Hartford' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

## V. CAUSES OF ACTION

### Causes of Action Against Defendant Hartford

22. Defendant Hartford is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### Breach of Contract

23. Defendant Hartford' conduct constitutes a breach of the insurance contract made between Defendant Hartford and Plaintiff.

24. Defendant Hartford' failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant Hartford' insurance contract with Plaintiff.

### Noncompliance with Texas Insurance Code: Unfair Settlement Practices

25. Defendant Hartford' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §5411.151.

26. Defendant Farmer's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(1).

27. Defendant Hartford' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Hartford' liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins.

Code §541.060(a)(2)(A).

28. Defendant Hartford' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

### Noncompliance with Texas Insurance Code: The Prompt Payment of Claims

29. Defendant Hartford' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

30. Defendant Hartford' delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

### Breach of the Duty of Good Faith and Fair Dealing

31. Defendant Hartford' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

32. Defendant Hartford' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Hartford knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### Fraud

33. Defendant Hartford is liable to Plaintiff for common law fraud.

34. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendant Hartford knew were false or made recklessly without any knowledge of their truth as a positive assertion.

35. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

## Knowledge

36. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VI. DAMAGES

37. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

38. As previously mentioned, the damages caused by this storm have not been properly addressed or repaired in the months and now years since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant Hartford' mishandling of Plaintiff's claim in violation of the laws set forth above.

39. For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

40. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct

of the acts described above, Plaintiff asks for three times their actual damages. Tex. Ins. Code §541.152.

41. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

42. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

43. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

44. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

45. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include their past and future medical expenses, that should have been paid pursuant to the policy, mental anguish, pain and suffering, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. Tex. Ins. Code §541.152.

46. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff

is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

47. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

48. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks damages of more than $200,000.00 but not more than $1,000,000.00 as of the filing of this petition. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## VII. WRITTEN DISCOVERY

### Requests for Disclosure

49. Under Texas Rule of Civil Procedure 194, Plaintiff request that Defendant discloses, within 50 days of the service of this request, the information or material described in Rule 194.2.

### Plaintiff's 1st Requests for Production to Defendant Hartford

50. Please produce a copy of your entire claims file, including memos, emails, estimates, records, a complete copy of the policy, letters, evaluations, etc. If you make claim of privilege for any documents requested in this request for production, then pursuant to TRCP 193.3(b), consider this Plaintiff's request that you identify the information and material withheld and the specific privilege asserted by producing a privilege log of each document withheld.

51. Please produce all non-privileged emails and other forms of communication between Hartford, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents,

adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's Property which is the subject of this suit.

52. Produce any complete file (excluding all privileged portions) in Hartford' possession for the Plaintiff/insured and/or for the Plaintiff's Property as listed in Plaintiff's Original Petition, relating to or arising out of any claim for damages which Hartford opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

53. Produce the complete claim or adjusting file for Plaintiff's Property. Please produce a privilege log for any portions withheld on a claim of privilege.

54. Produce all emails and other forms of communication between Hartford and and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiffs' Property which is the subject of this suit. This includes any correspondence or communications related to the Plaintiffs' Property, whether related to this claim or any other claim in Hartford' possession. Please produce a privilege log for any items withheld on a claim of privilege.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they will show themselves justly entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703
(956) 994-0057
(800) 507-4152 FAX

By:

LARRY W. LAWRENCE, JR.
State Bar No. 00794145

MICHAEL LAWRENCE
State Bar. No. 24055826
Lawrencefirm@gmail.com

CELESTE GUERRA
State Bar No. 00795395

ATTORNEYS FOR PLAINTIFFS

Filed
4/1/2020 2:22 PM
Esther Degollado
District Clerk
Webb District
Diana Vela
2020CVH000680D1

**CAUSE NO.** _____

| | | |
|---|---|---|
| INFINITY JC ENTERPRISES, INC. | § | IN THE DISTRICT COURT |
| *Plaintiffs* | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| HARTFORD LLOYD'S INSURANCE | § | |
| COMPANY | § | |
| *Defendant* | § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **INFINITY JC ENTERPRISES,** complaining of **HARTFORD LLOYD'S INSURANCE COMPANY,** and for cause of action would show:

### I. DISCOVERY

1. This is a level III discovery case as defined by the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff is a resident of Webb County, Texas.

3. Defendant Hartford Lloyd's Insurance Company is a company engaging in the business of insurance in the State of Texas. The Defendant may be served with process by serving its registered agent for the State of Texas: CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### III. JURISDICTION & VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court. The court has jurisdiction over Defendant Hartford Lloyd's Insurance Company (hereinafter "Hartford ") because it is engaging in the business of insurance in the State of Texas. Venue is proper in this county because the insured Property is situated in Webb County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

## IV. FACTS

5. Plaintiff is the owner of the Hartford Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Hartford.

6. Plaintiff owns the property located at 1119 Santa Maria Avenue, Laredo, Texas 78040 (hereinafter referred to as "the property").

7. Hartford sold the Policy insuring the Property to Plaintiff.

8. On or about May 6, 2019, Plaintiff sustained extensive physical damage to the insured Property. On this date, a strong supercell thunderstorm moved through the Laredo, Texas area producing heavy rains, and damaging wind and hail.

9. Plaintiffs submitted claims to the Defendant against the policy for damages to the Property as a result of the May 6, 2019 storm. Plaintiff requested that the Defendant cover the costs of these repairs pursuant to the policy they entered into with the Defendant.

10. The Plaintiff reported the damage to the covered Property to the Defendant Hartford. The Defendant wrongfully denied Plaintiff's claim for full repairs to the Property, even though the Policy they have with the Defendant provided coverage for losses such as the losses suffered by the Plaintiff. Additionally, the Defendant under-scoped damages during its inspections, investigations, and payment and made representation that the policy the Plaintiff has with Defendant specifically excluded some repairs.

11. As of the date of this filing, the Defendant continues to delay in the payment for the damages to the Property. As a result, Plaintiff has not been paid the full value of the damages suffered to their home.

12. Defendant Hartford failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the policy. In spite of a demand for proceeds to be paid out in an

amount sufficient to cover the damaged Property, Defendant Hartford has categorically refused to pay the full proceeds available under the policy. Additionally, all conditions precedent to recovery upon the Policy have been carried out by the Plaintiff. Defendant Hartford' conduct constitutes a breach of the insurance contract between Plaintiffs and Defendant.

13. Defendant Hartford has misrepresented to Plaintiff there was no damage to areas of the home that were damaged, and that all damage covered under the Policy has been accounted for, even though it has not been paid in full. Defendant Hartford' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

14. Defendant Hartford' failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant Hartford' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

15. Defendant Hartford' failed to adequately explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant Hartford failed to offer Plaintiff adequate compensation, and misrepresented its explanation for why full payment was not being made. Furthermore, Defendant Hartford did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant Hartford' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

16. Defendant Hartford' refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant Hartford failed to conduct a reasonable investigation. Specifically, Defendant Hartford performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

Defendant Hartford' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

17. Defendant Hartford failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Hartford' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex Ins. Code §542.056.

18. Defendant Hartford failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for their claim. Defendant Hartford' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

19. Since the date Plaintiff presented her claim to Defendant Hartford, the liability of Defendant Hartford to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Hartford has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant Hartford' conduct constitutes a breach of the common law duty of good faith and fair dealing.

20. Defendant Hartford knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material information from Plaintiff.

21. As a result of Defendant Hartford' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

## V. CAUSES OF ACTION

### Causes of Action Against Defendant Hartford

22. Defendant Hartford is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### Breach of Contract

23. Defendant Hartford' conduct constitutes a breach of the insurance contract made between Defendant Hartford and Plaintiff.

24. Defendant Hartford' failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant Hartford' insurance contract with Plaintiff.

### Noncompliance with Texas Insurance Code: Unfair Settlement Practices

25. Defendant Hartford' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §5411.151.

26. Defendant Farmer's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(1).

27. Defendant Hartford' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Hartford' liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins.

Code §541.060(a)(2)(A).

28. Defendant Hartford' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

### Noncompliance with Texas Insurance Code: The Prompt Payment of Claims

29. Defendant Hartford' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

30. Defendant Hartford' delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

### Breach of the Duty of Good Faith and Fair Dealing

31. Defendant Hartford' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

32. Defendant Hartford' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Hartford knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### Fraud

33. Defendant Hartford is liable to Plaintiff for common law fraud.

34. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendant Hartford knew were false or made recklessly without any knowledge of their truth as a positive assertion.

35. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### Knowledge

36. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### VI. DAMAGES

37. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

38. As previously mentioned, the damages caused by this storm have not been properly addressed or repaired in the months and now years since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant Hartford' mishandling of Plaintiff's claim in violation of the laws set forth above.

39. For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

40. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct

of the acts described above, Plaintiff asks for three times their actual damages. Tex. Ins. Code §541.152.

41. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

42. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

43. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

44. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

45. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include their past and future medical expenses, that should have been paid pursuant to the policy, mental anguish, pain and suffering, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. Tex. Ins. Code §541.152.

46. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff

is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

47. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

48. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks damages of more than $200,000.00 but not more than $1,000,000.00 as of the filing of this petition. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## VII. WRITTEN DISCOVERY

### Requests for Disclosure

49. Under Texas Rule of Civil Procedure 194, Plaintiff request that Defendant discloses, within 50 days of the service of this request, the information or material described in Rule 194.2.

### Plaintiff's 1st Requests for Production to Defendant Hartford

50. Please produce a copy of your entire claims file, including memos, emails, estimates, records, a complete copy of the policy, letters, evaluations, etc. If you make claim of privilege for any documents requested in this request for production, then pursuant to TRCP 193.3(b), consider this Plaintiff's request that you identify the information and material withheld and the specific privilege asserted by producing a privilege log of each document withheld.

51. Please produce all non-privileged emails and other forms of communication between Hartford, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents,

adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's Property which is the subject of this suit.

52. Produce any complete file (excluding all privileged portions) in Hartford' possession for the Plaintiff/insured and/or for the Plaintiff's Property as listed in Plaintiff's Original Petition, relating to or arising out of any claim for damages which Hartford opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

53. Produce the complete claim or adjusting file for Plaintiff's Property. Please produce a privilege log for any portions withheld on a claim of privilege.

54. Produce all emails and other forms of communication between Hartford and and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiffs' Property which is the subject of this suit. This includes any correspondence or communications related to the Plaintiffs' Property, whether related to this claim or any other claim in Hartford' possession. Please produce a privilege log for any items withheld on a claim of privilege.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they will show themselves justly entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703
(956) 994-0057
(800) 507-4152 FAX

By:

LARRY W. LAWRENCE, JR.
State Bar No. 00794145

MICHAEL LAWRENCE
State Bar. No. 24055826
Lawrencefirm@gmail.com

CELESTE GUERRA

State Bar No. 00795395

ATTORNEYS FOR PLAINTIFFS

**SERVE**

**2020CVH000680D1**

## CITATION BY CERTIFIED MAIL
## THE STATE OF TEXAS

**COURT SET FOR 07/02/2020 AT 1:30 P.M.**

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY.  IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PLAINTIFF'S ORIGINAL PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:   HARTFORD LLOYD'S INSURANCE COMPANY
      BY SERVING ITS REGISTERED AGENT FOR THE STATE OF TEXAS: CT CORPORATION SYSTEM
      1999 BRYAN ST, STE 900
      DALLAS TX 75201

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 49TH DISTRICT COURT of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2020CVH000680D1, styled:

INFINITY JC ENTERPRISES INC., PLAINTIFF
VS.
HARTFORD LLOYD'S INSURANCE COMPANY, DEFENDANT

Said Plaintiff's Petition was filed on 04/01/2020 in said court by:
      LARRY W LAWRENCE, Jr., ATTORNEY FOR PLAINTIFF
      3112 WINDSOR RD STE A234
      AUSTIN TX  78703

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, issued and given under my hand and seal of said court at office, on this the 2nd day of April, 2020.

C L E R K   O F   C O U R T

ESTHER DEGOLLADO, CLERK OF WEBB COUNTY, TEXAS
P.O. BOX 667
LAREDO, TX 78042

BY: _____ DEPUTY

### CLERK'S CERTIFICATE OF SERVICE

    I, Clerk of the District Courts and County Court at Law of Webb County, Texas, certify that I executed the foregoing citation in Webb County, Texas on this the 2nd day of April, 2020 by placing in the United States mail a true copy of this citation, with true copy of the aforesaid Pleading attached thereto, via **Certified Mail No.7017.0190.0000.5619.3221** ADDRESSED TO: Hartford Lloyd's Insurance Company By Serving  Ct Corporation System 1999 Bryan St Ste 900 Dallas Texas 75201 and endorsed thereon "**RETURN RECEIPT REQUESTED,**" after having first endorsed on said copy of said citation the date of mailing and the name and address of the within-named recipient, to certify which witness my hand officially on this the 2nd day of April, 2020.

                     ESTHER DEGOLLADO
                     CLERK OF THE DISTRICT COURTS AND
                        COUNTY COURT-AT-LAW
                     OF WEBB COUNTY, TEXAS

ATTACH EVIDENCE OF MAILING
AND RETURN RECEIPT HERE.          BY: _____ DEPUTY
                                     Dyana Cuellar



State District Court

49TH Judicial District of Texas

Counties of Webb and Zapata

**Jose A. Lopez**

State District Judge

April 02, 2020

# NOTICE OF CALENDAR CALL

### CAUSE NO. 2020CVH000680D1

### INFINITY JC ENTERPRISES INC.
VS
### HARTFORD LLOYD'S INSURANCE COMPANY

Please take notice that this case is set for Calendar Call on 07/02/2020 at 1:30 PM at the 49th District Court, 3rd Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable Judge Jose A. Lopez. Your presence is **MANDATORY** unless Counsel for Plaintiff(s) and Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures prior to calendar call date. This guideline order should have all appropriate dates including pre-trial, jury selection and all deadlines.

Counsel for Plaintiff(s) please note that if you do not appear for calendar call your case may be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you do not appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Maria Rosario Ramirez
Civil Court Coordinator
49th District Court

Webb County • P.O. Box 6655 • Laredo, Texas 78042 • tel. 956.523.4237 • fax 956.523.5051
Zapata County • P.O. Box 789 • Zapata, Texas 78076 • tel. 956.765.9935 • fax 956.765.9789
49th_districtcourt@webbcountytx.gov